# Exhibit A

*14613761*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph W. Carcione, Jr. (SBN: 056693)<br>Joshua J.K. Henderson (SBN: 248366)<br>Law Offices of Joseph W. Carcione, Jr.<br>1300 South El Camino Real, Suite 300<br>San Mateo, CA 94402<br>TELEPHONE NO: (650) 367-6811    FAX NO. (Optional): (650) 367-6818<br>E-MAIL ADDRESS (Optional): ccdlaw@gmail.com<br>ATTORNEY FOR (Name): Plaintiffs | **FILED**<br>ALAMEDA COUNTY<br><br>APR 19 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: | |
| PLAINTIFF: BILL ROVID, individually and as Succesor in Interest to LEANNE STEPHANIE ROVID; LISA SMITH-ROVID, individually and as Successor in Interest to LEANNE STEPHANIE ROVID<br>DEFENDANT: GRACO CHILDREN'S PRODUCTS, INC.; NEWELL RUBBERMAID, INC.; KAREN SUSANNE LUSK; JERRY LUSK; KAREN'S DAYCARE; and,<br>[X] DOES 1 TO 100, inclusive | |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED (Number):<br>Type (check all that apply):<br>[ ] MOTOR VEHICLE          [ ] OTHER (specify):<br>    [ ] Property Damage       [X] Wrongful Death<br>    [ ] Personal Injury      [ ] Other Damages (specify): | |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded  [ ] does not exceed $10,000<br>                     [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>RG16812298 |

1. **Plaintiff** (name or names): [See Attachment 1.]

    alleges causes of action against **defendant** (name or names): [See Attachment 1.]

2. This pleading, including attachments and exhibits, consists of the following number of pages:    12
3. Each plaintiff named above is a competent adult
    a. [ ] **except** plaintiff (name):
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity (describe):
        (3) [ ] a public entity (describe):
        (4) [ ] a minor    [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other (specify):
        (5) [ ] other (specify):

    b. [ ] **except** plaintiff (name):
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity (describe):
        (3) [ ] a public entity (describe):
        (4) [ ] a minor    [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other (specify):
        (5) [ ] other (specify):

    [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | Legal Solutions Plus | Code of Civil Procedure, § 425.12 |

| SHORT TITLE: Rovid v. Graco | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* Graco Children's Products, Inc.

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

   c. ☒ **except** defendant *(name):* Karen's Childcare

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☒ other *(specify):* Karen Susanne Lusk was doing business under the fictitious name of Karen's Childcare, with it's principal place of business: 1354 Hudson Way, Livermore, CA

   b. ☒ **except** defendant *(name):* Newell Rubbermaid, Inc.

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.   [See attachment 6.]
   a. ☒ Doe defendants *(specify Doe numbers):* 1 - 100   were the agents or employees of other named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* 1 - 100   are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: Rovid v. Graco | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (*each complaint must have one or more causes of action attached*):
    a. [ ] Motor Vehicle
    b. [X] General Negligence
    c. [ ] Intentional Tort
    d. [X] Products Liability
    e. [ ] Premises Liability
    f. [ ] Other (*specify*):

11. Plaintiff has suffered
    a. [ ] wage loss
    b. [ ] loss of use of property
    c. [X] hospital and medical expenses
    d. [X] general damage
    e. [ ] property damage
    f. [ ] loss of earning capacity
    g. [X] other damage (*specify*): [See Attachment 11.]

12. [X] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. [X] listed in Attachment 12.
    b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) [X] compensatory damages
       (2) [X] punitive damages
       The amount of damages is (*in cases for personal injury or wrongful death, you must check (1)*):
       (1) [X] according to proof
       (2) [ ] in the amount of: $

15. [X] The paragraphs of this complaint alleged on information and belief are as follows (*specify paragraph numbers*):
    All paragraphs.

Date: April 19, 2016

Joseph W. Carcione, Jr.
(TYPE OR PRINT NAME)

▶ *[signature]*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE: | CASE NO.: |
|---|---|
| ROVID v. GRACO, et al. | |

Page 4

## ATTACHMENT 1 TO COMPLAINT
### [ Continued From Page 1 to Complaint]

Plaintiffs BILL ROVID and LISA SMITH-ROVID are the natural parents and successors in interest of their daughter, the decedent Leanne Stephanie Rovid. Plaintiffs BILL ROVID and LISA SMITH-ROVID are authorized to succeed to Leanne Stephanie Rovid's interest in this action, pursuant to C.C.P. § 377.32. Plaintiffs BILL SMITH and LISA SMITH-ROVID bring this lawsuit for the injury to and wrongful death of Leanne Stephanie Rovid, individually and in their respective capacities as successors in interest, on behalf of Leanne Stephanie Rovid and for the benefit of her heirs.

Plaintiffs BILL ROVID and LISA SMITH-ROVID are the natural parents and successors in interest of their daughter, the decedent Leanne Stephanie Rovid, allege causes of action against Defendants GRACO CHILDREN'S PRODUCTS, INC.; NEWELL RUBBERMAID, INC.; KAREN SUSANNE LUSK; JERRY LUSK; KAREN'S DAYCARE; and, DOES 1 through 100 (collectively herein "Defendants")

226992 /

| SHORT TITLE: | CASE NO.: |
|---|---|
| ROVID v. GRACO, et al. | |

Page 5

## ATTACHMENT 6 TO COMPLAINT
### [ Continued From Page 2 to Complaint]

Plaintiffs are ignorant of the true names and capacities of fictitious DOES 1 through 100. Plaintiffs are informed and believe and thereon allege, that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and/or directly, legally and proximately caused injury and damages to the decedent and the Plaintiffs as alleged herein. Plaintiffs reserve the right to amend this complaint once the identity of any of these DOE defendants is ascertained. Wherever in this Complaint any Defendant is the subject of any charging allegation by Plaintiffs, it shall be deemed that said Defendant, DOES 1 through 100, inclusive, and each of them, are likewise the subject of said charging allegation.

226992 /

| SHORT TITLE: | CASE NO.: |
|---|---|
| ROVID v. GRACO, et al. | |

Page 6

### ATTACHMENT 11 TO COMPLAINT
### [Allegation of Damages - Continued From Page 3 to Complaint]

[Survival C.C.P. § 377.20]

(1) Hospital, Medical, Emergency, Funeral & Burial, and Incidental Expenses;

(2) Prejudgment Interest as permitted by law;

(3) Costs of incurred;

(4) Economic damages;

(5) For non-economic damages;

(6) Punitive damages;

(7) Loss of loss of love, companionship, comfort, affection, solace, and moral support, and the loss of the continued existence,

(8) Damages for loss of services, advice, training, and education

(9) Prejudgment and post judgment interest as permitted by law; and

(10) For such other and further relief as the Court deems proper.

226992 /

| SHORT TITLE: | CASE NO.: |
|---|---|
| ROVID v. GRACO, et al. | |

Page 7

## ATTACHMENT 12 TO COMPLAINT
## DAMAGES FOR WRONGFUL DEATH
### [Continued From Page 3 to Complaint]

      1.      LEANNE STEPHANIE ROVID, born August 14, 2014 (hereinafter "decedent"), died on February 12, 2015, from injuries she sustained, as alleged. Plaintiffs BILL ROVID and LISA SMITH ROVID are the natural parents and successors in interest of their daughter, the decedent Leanne Stephanie Rovid. Plaintiffs BILL ROVID and LISA SMITH ROVID are authorized to succeed to Leanne Stephanie Rovid's interest in this action, pursuant to C.C.P. § 377.32. Plaintiffs BILL ROVID and LISA SMITH ROVID bring this lawsuit for the injury to and wrongful death of Leanne Stephanie Rovid, individually and in their respective capacities as successors in interest, on behalf of Leanne Stephanie Rovid and for the benefit of her heirs.

      2.      As a proximate result of the negligence of Defendants, and each of them, and the death of said decedent, Plaintiffs BILL ROVID and LISA SMITH ROVID claim reasonable compensation for the loss of love, companionship, comfort, affection, solace, continued existence, and moral support in an amount to be determined according to proof at the time of trial.

      3.      As a further proximate result of the negligence of defendants, and each of them, and the death of said decedent, Plaintiffs BILL ROVID and LISA SMITH ROVID has sustained pecuniary loss resulting from the loss of said decedent's future earnings and earnings capacity which said decedent would have earned and used to support, maintain and care for plaintiffs in an amount to be determined according to proof at trial.

      4.      As a proximate result of the negligence of defendants, and each of them, and the death of said decedent, Plaintiffs BILL ROVID and LISA SMITH ROVID, the sole and surviving heirs-at-law of the decedent, are entitled to general damages, damages for loss of services, advice, training, education, continuing benefit, prejudgment and post judgment interest on economic damages, costs of suit and such other and further damages as the court deems just and proper.

      5.      As a proximate result of the negligence of defendants, and each of them, and the death of decedent, Plaintiffs BILL ROVID and LISA SMITH ROVID, the sole and surviving heirs-at-law of the decedent claims funeral and burial expenses.

226992 /

PLD-PI-001(5)

| SHORT TITLE: Rovid v. Graco | CASE NUMBER: |
|---|---|

<u>FIRST</u> **CAUSE OF ACTION—Products Liability**     Page __8__
(number)

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: Bill Rovid, Lisa Smith-Rovid, individually and as Successors in Interest to Leanne Stephanie Rovid, deceased

Prod. L-1.  On or about *(date)*: February 12, 2015      plaintiff was injured by the following product:
Graco crib, playard, component part(s), pad(s), and mattress(es). Model Number 734FB Series.

Prod. L-2.  Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
  [X] used in the manner intended by the defendants.
  [X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3.  Plaintiff was a
  [ ] purchaser of the product.                   [X] user of the product.
  [X] bystander to the use of the product.        [ ] other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod. L-4.  [X] **Count One--Strict liability** of the following defendants who
  a. [X] manufactured or assembled the product *(names)*: Graco Children's Products, Inc. and Newell Rubbermaid, Inc.

        [X] Does __1__ to __100__
  b. [X] designed and manufactured component parts supplied to the manufacturer *(names)*:
    Graco Children's Products, Inc. and Newell Rubbermaid, Inc.

        [X] Does __1__ to __100__
  c. [X] sold the product to the public *(names)*: all defendants and each of them.

        [X] Does __1__ to __100__
Prod. L-5. [X] **Count Two--Negligence** of the following defendants who owed a duty to plaintiff *(names)*:
    all defendants and each of them.

        [X] Does __1__ to __100__
Prod. L-6. [X] **Count Three--Breach of warranty** by the following defendants *(names)*: All defendants and each of them.

        [X] Does __1__ to __100__
  a. [X] who breached an implied warranty
  b. [X] who breached an express warranty which was
        [X] written  [X] oral
Prod. L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
        [X] listed in Attachment-Prod. L-7  [ ] as follows: [See Attachment L-7.]

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(5) [Rev. January 1, 2007] | **CAUSE OF ACTION—Products Liability** | Legal Solutions Plus | Code of Civil Procedure, § 425.12 |

| SHORT TITLE: | CASE NO.: |
|---|---|
| ROVID v. GRACO, et al. | |

Page 9

## FIRST CAUSE OF ACTION – Products Liability
### [Continued From Page 8 to Complaint]

1. Defendants GRACO CHILDREN'S PRODUCTS, INC., NEWELL RUBBERMAID, INC. (collectively referred to as "GRACO"), in its business of designing, engineering, manufacturing, fabricating, re-manufacturing, assembling, supplying, distributing, selling, testing, repairing and inspecting pack and plays, component part(s), pad, mattress, and mattress pad covering, and are otherwise responsible for the defects and unsafe condition of the subject pack and play component part(s), pad(s), mattress(es), causing harm to Plaintiffs.

2. Defendants knew, or in their exercise of ordinary care should have known, of the proper designing, engineering, manufacturing, fabricating, re-manufacturing, assembling, supplying, distributing, selling, testing, repairing and inspecting pack and plays, component part(s), pad, mattress, and mattress pad covering and/or otherwise responsible for the defects and unsafe condition of the subject pack and play, component part(s), pad, mattress, and mattress pad covering including but not limited the lack of testing, lack of breathability or air permeability, the lack of $CO_2$ dispersal, and the lack of quilting to prevent bunching, ballooning and creasing of mattress pad covering, causing harm to Plaintiffs.

3. Defendants are, and at all times herein mentioned were, engaged in the business of designing, engineering, manufacturing, fabricating, re-manufacturing, assembling, supplying, distributing, selling, testing, repairing and inspecting pack and plays, component part(s), pad(s), and mattress(es), and/or otherwise responsible for the defects and unsafe condition of the subject pack and play, component part(s), pad(s), and mattress(es), causing harm to Plaintiffs.

4. Defendants' carelessness, wrongdoing, tortious conduct, acts and omissions alleged hereinabove, were a substantial factor in causing the subject accident, Leanne Stephanie Rovid's injuries and death, and the damages sustained by Plaintiffs.

5. As a direct, proximate and legal result of the misconduct alleged in this cause of action, Defendants are liable to Plaintiffs for the injury to and subsequent death of Leanne Stephanie Rovid and the resulting damages to Plaintiffs, including for compensatory damages as alleged hereinabove and permitted by applicable law.

6. As a direct, proximate and legal result of the misconduct alleged in this cause of action, Defendants's pack and play, component part(s), pad(s), and mattress(es) failed to meet reasonable consumer expectations, in that it was not safe for the foreseeable use of said product.

226992 /

| SHORT TITLE: | CASE NO.: |
|---|---|
| ROVID v. GRACO, et al. | |

Page 10

### FIRST CAUSE OF ACTION – Products Liability
### [Continued From Page 10 to Complaint]

7. Plaintiffs further allege that GRACO is liable for exemplary and/or punitive damages. Defendants and their corporate officers, directors, and managing agents, knew at all relevant times before February 12, 2015, that the subject pack and play posed a risk of suffocation for babies/infants that used the product. Said risk includes the ability to for an infant to adequately breath through the mattress pad material, and when a child breathes expired gases causing blood levels of $CO_2$ to rise, and levels of $O_2$ to fall. Over time this may produce severe asphyxia and death.

8. GRACO callously, maliciously, and with utter disregard for infant safety, failed to adequately test the product for a the known risk of asphyxiation. Despite knowing safer designs existed, GRACO callously, maliciously, and with utter disregard for infant safety failed to use said designs. (In *Romo v. Ford Motor Co.* (2003) 113 Cal.App.4th 738, 755, the Court of Appeal found Ford's testing of a prototype "integral roll bar" to prevent roof-crush showed that Ford was aware of the foreseeable hazards inherent in the design of their rollover-prone SUV and knew of alternative feasible safer design technology to address that hazard, but "maliciously" failed to incorporate such a design feature in their product. Likewise, GRACO failed to incorporate a design that improves breathability or air permeability, decreases $CO_2$ buildup, or decrease the suffocation risk into its product despite being aware of the risks involved.

9. Conscious disregard for the safety of another may be sufficient where the defendant is aware of the probable dangerous consequences of his or her conduct and he or she willfully fails to avoid such consequences. (*Taylor v. Superior Court* (1979) 24 Cal.3d 890, 895-896; emphasis added.) Malice may be proved either expressly through direct evidence or by implication through indirect evidence from which the jury draws inferences. (*Id.* at p. 894.)

10. It is believed that GRACO's callous, despicable, and malicious conduct is further shown by its failure to warn and/or recall its pack and plays after learning of similar incidents. GRACO knew of the foreseeable hazard inherent in its design, but it failed to incorporate a design feature that increases airflow through the mattress material thereby increasing the risk of suffocation, and $CO_2$ building up.

11. GRACO knew of the highly probable harm that could result by a having a baby placed face down on one of its mattress pads. Despite knowing of said risk, GRACO marketed the product to parents and caregivers as safe, and thoroughly tested. Such conduct is truly despicable behavior.

226992 /

| SHORT TITLE: | CASE NO.: |
|---|---|
| ROVID v. GRACO, et al. | |

Page 11

## FIRST CAUSE OF ACTION – Products Liability
### [Continued From Page 10 to Complaint]

    12.    Despite the knowledge of GRACO, and its corporate officers, directors, and managing agents, as alleged above, GRACO with conscious disregard for the rights, safety and well-being of Leanne Stephanie Rovid, Plaintiffs and other members of the public, have not alerted, advised, warned or otherwise adequately informed purchasers and/or users of the defective and dangerous nature and/or character of the subject pack and play . GRACO, and its corporate officers, directors, and managing agents, failed to alert, advise, warn or otherwise adequately inform purchasers and/or users of the dangerous and defective character of the pack and play while knowing that said product would not be and/or were not likely to be, examined or inspected for defects by their purchasers and/or users, and for the sole purpose of monetary gain despite the knowledge of said dangers and hazards.

    13.    In doing the acts herein alleged, Defendants and their officers, directors, and managing agents, directly, and in authorizing and ratifying the conduct of each of them, acted despicably and with a willful and conscious disregard of the rights and safety of others and are liable under California Civil Code §3294 for exemplary and/or punitive damages in an amount to be shown according to proof at trial.

226992 /

| SHORT TITLE: Rovid v. Graco | CASE NUMBER: |
|---|---|

<u>SECOND</u> **CAUSE OF ACTION—General Negligence**   Page <u>12</u>
(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Bill Rovid, individually & as Successor in Interest to Leanne Stephanie Rovid, Lisa Smith-Rovid, individually & as Successor in Interest to Leanne Stephanie Rovid
alleges that defendant *(name)*:
Karen Susanne Lusk; Jerry Lusk; and Karen's Childcare

[X] Does <u>1</u> to <u>100</u>

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: February 12, 2015
at *(place)*: Karen's Childcare, 1354 Hudson Way in the City of Livermore, County of Alameda
*(description of reasons for liability):*

1. Defendants owed a duty to Leanne Stephanie Rovid to exercise reasonable care in conducting their business to properly care for, and supervise the care for, the day care services performed at KAREN'S CHILDCARE.

2. Defendants knew, or in their exercise of ordinary care should have known, of the proper methods used to care for, and supervise the care for, a 6 month old infant such as Leanne Stephanie Rovid during the time said infant was in the care, custody and control of KAREN'S CHILDCARE.

3. Defendants were additionally negligent in that they failed to properly instruct, train and supervise those parties responsible for the care of Leanne Stephanie Rovid during the time said infant was in the care, custody and control of KAREN'S CHILDCARE.

4. Defendants were additionally negligent in that they failed to properly provide medical care, services and supervision, after finding Leanne Stephanie Rovid had stopped breathing.

5. Defendants' negligence, wrongdoing, tortious conduct, careless acts and omissions alleged hereinabove, were a direct, proximate and legal cause of the subject accident, Abigail's injuries and death, and the damages sustained by Plaintiffs.

6. As a direct, proximate and legal result of the misconduct alleged in this cause of action, Defendants are liable to Plaintiffs in negligence for the injury to and subsequent death of Leanne Stephanie Rovid and the resulting damages to Plaintiffs, including compensatory damages as alleged hereinabove and permitted by applicable law.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Legal Solutions Plus

Code of Civil Procedure 425.12